## NOBLE v. HARRIMAN *et al.*

No. 7154.   Opinion Filed July 11, 1916.

(158 Pac. 1148.)

**APPEAL AND ERROR—Review—Questions of Fact—Decision in Equitable Cause.** Record examined, and **held,** that the verdict and findings of the jury are sufficiently supported by a preponderance of the evidence.

(Syllabus by the Court.)

*Error from District Court, Lincoln County;*
*Chas. B. Wilson, Jr., Judge.*

Action by Emma Noble against O. A. Harriman and another. On the death of plaintiff, her administrator, V. R. Noble, was substituted as plaintiff. Judgment for defendants, and plaintiff brings error. Affirmed.

*F. A. Rittenhouse,* for plaintiff in error.

*Burford, Robertson & Hoffman,* for defendants in error.

KANE, C. J. This was a suit instituted by Emma Noble, against her father and mother, O. A. Harriman and Fanneyette Harriman, for the purpose of enforcing a parol gift of real estate. The petition states facts constituting a parol gift, and further alleges that in pursuance thereof

the plaintiff entered into possession of the land involved herein, and in reliance upon the donor's verbal promise to give her a deed therefor, made valuable improvements thereon in excess of the rental value of the premises.

The theory of the plaintiff was that the gift was unconditional. The defendants admitted that plaintiff entered the land in pursuance of a promise by them to give her a deed therefor at some indefinite future time, but say that the promise to give the deed was conditioned upon the plaintiff and her husband living good, moral, upright lives, and honoring and respecting their parents and treating them like children should treat their father and mother. They further allege that this condition was not carried out on the part of plaintiff, and that, therefore, they refused to make the deed. A jury was impaneled for the purpose of making special findings of fact, which, after hearing all the evidence, returned into court the following general and special verdict:

"We, the jury, duly impaneled and sworn to try the above cause, do, upon our oaths, find for the defendant.

"1. Was the defendant's gift to the tract of land involved in the litigation in this action conditional or unconditional? Answer: Conditional.

"2. If your answer is that there were conditions attached to the gift, have the conditions which were to have been performed by the plaintiff been complied with on her part? Answer: No.

"3. Did the defendants, Mr. and Mrs. Harriman, both unconditionally promise to give the plaintiff, Emma Noble, a deed for the land involved in this action as soon as they could go to Prague? Answer: No."

Upon this verdict a judgment was rendered in favor of the defendants, to reverse which this proceeding in error was commenced. Subsequent to the rendition of the judgment, the plaintiff, Emma Noble, died intestate, and the cause was revived in this court by stipulation, as provided by law.

Whilst the petition in error contains a great many assignments of error, counsel for plaintiff in error concede that there is but one proposition in this case, to wit: "Should the court under all the evidence in this case have rendered a judgment for the plaintiff, Emma Noble?" The determination of this question involves only an examination of the evidence, with the view of determining whether the verdict of the jury is sufficiently supported thereby. Under the rule applicable to equity cases in this jurisdiction, this court will examine the whole record, and, if the decision of the trial court or the findings and verdict of the jury are contrary to the weight of the evidence, it is its duty to set it aside and remand the cause to the trial court with proper directions.

No useful purpose would be subserved by setting out evidence adduced at the trial, or commenting at length upon the specific filial shortcomings and breaches of personal conduct on the part of the plaintiff, which the jury found constituted violations of the conditions of the gft. It is sufficient to say that we have examined the entire record and are entirely satisfied that the verdict and findings of the jury are not so clearly against the weight of the evidence as to warrant a reversal of the judgment rendered thereon. Having reached this conclusion, it is unnecessary to examine any of the propositions of law presented by counsel.

For the reason stated, the judgment of the court below is affirmed.

All the Justices concur.